UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN M. VILLANUEVA,<br>　　　　　Petitioner,<br>　　　v.<br><br>SUPERINTENDENT LUTHER, DISTRICT ATTORNEY OF THE COUNTY OF HARRISBURG, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | No. 2:16-cv-1043 |

**MEMORANDUM**
**Report and Recommendation, ECF No. 5 – Adopted in Part**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　**May 20, 2016**
**United States District Judge**

## I.　INTRODUCTION

On March 3, 2016, Petitioner Juan Villanueva filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction of criminal attempt to commit burglary and criminal mischief in the Dauphin County Court of Common Pleas.  ECF No. 1.

Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") on April 21, 2016, recommending that the habeas corpus petition be transferred to the United States District Court for the Middle District of Pennsylvania.  R&R, ECF No. 5.

For the reasons set forth below, the R&R will be adopted in part.

## II.　STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

1

Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) (holding that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). Local Rule of Civil Procedure 72.1(IV)(b) requires that "written objections . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." "When no objections are filed, the district court need only review the record for plain error or manifest injustice." Harper v. Sullivan, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); see also Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

As Magistrate Judge Heffley correctly explains, "a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts," may file a petition for writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d); R&R 1-2. The Magistrate Judge indicates that Petitioner is incarcerated in the State Correctional Institution in Chester, Pennsylvania ("SCI-Chester"),[1] which is located in the Eastern District of Pennsylvania, but recommends that, in the interests of justice, this case be transferred to the Middle District of Pennsylvania because the habeas claims involve actions that occurred in the Middle District,[2] the

---

[1]   The Magistrate Judge cites the Pennsylvania Department of Corrections Inmate Locator for her finding that Petitioner is incarcerated at SCI-Chester. R&R 1 (citing Inmate Locator, Pa. Dep't of Corrections, http://inmatelocator.cor.state.pa.us (last visited April 21, 2016)).

[2]   The Dauphin County Court of Common Pleas is located in the Middle District of Pennsylvania.

records of Petitioner's conviction are located in the Middle District, and the District Attorney of Dauphin County is in the best position to respond to the petition for writ of habeas corpus. R&R 2 (citing Griffin-El v. Diguglielmo, No. 07-CV-4995, 2008 U.S. Dist. LEXIS 47335 (E.D. Pa. June 17, 2008) (concluding that transfer of the § 2254 habeas corpus petition to the district where the records of conviction were located serves interests of justice)).

On May 11, 2016, the Court received a letter from Petitioner stating that he is not, nor has he ever been, incarcerated at SCI-Chester. ECF No. 7. Rather, Petitioner asserts that he is a prisoner at the State Correctional Institution at Laurel Highlands in Somerset, Pennsylvania ("SCI-Laurel Highlands").[3] Id. Petitioner questions whether this changes the recommendation in the R&R, but makes no other objection. Id.

SCI-Laurel Highlands is located in the Western District of Pennsylvania. Accordingly, this Court lacks jurisdiction to decide the merits of the habeas corpus petition. See 28 U.S.C. § 2241(d). The Court may transfer the case to either the United States District Court for the Middle District of Pennsylvania, "the district court for the district within which the State court was held which convicted and sentenced" Petitioner, or to the United States District Court for the Western District of Pennsylvania, "the district court for the district wherein [Petitioner] is in custody." See id.; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."); Williams v. Martinez, No. 4:CV-08-1053, 2008 U.S. Dist. LEXIS 43790, at *4 (M.D. Pa. June 3, 2008) (explaining that "notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses,

---

[3] An independent search of the Pennsylvania Department of Corrections Inmate Locator identifies two prisoners named Juan Villanueva who were committed by Dauphin County, one of whom is incarcerated in SCI-Chester and the other in SCI-Laurel Highlands. See http://inmatelocator.cor.pa.gov (last visited May 19, 2016).

3

or in the interest of justice, to any district where the action might have been brought," and transferring the § 2254 petition to the district within which the state court of conviction was located). The Court agrees with Magistrate Judge Heffley that it is in the interests of justice to transfer this case to the Middle District of Pennsylvania.

**IV.     CONCLUSION**

For the reasons set forth herein, the R&R is adopted in part. The petition for writ of habeas corpus is transferred to the United States District Court for the Middle District of Pennsylvania.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge