UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUAN M. VILLANUEVA,   :
　　　　　　　　　　　　　　　　　　 :
　　　　　　Petitioner   :   CIVIL NO. 1:CV-16-0978
　　vs.   :
　　　　　　　　　　　　　　　　　　 :   (Judge Caldwell)
MS. LUTHER, *et al.*,   :
　　　　　　　　　　　　　　　　　　 :
　　　　　　Respondents   :

*M E M O R A N D U M*

I.　*Introduction*

Petitioner, Juan M. Villanueva, proceeding without counsel, is confined at the Laurel Highlands State Correctional Institution in Somerset, Pennsylvania.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 convictions in the Court of Common Pleas of Dauphin County, Pennsylvania.  The Petition was filed in the United States District Court for the Eastern District of Pennsylvania but was transferred here because the convictions occurred in a state court within the Middle District. (Doc. 9).

For the reasons that follow, because Villanueva's Petition appears to be a "mixed petition," that is, one containing both exhausted and unexhausted claims, he shall be given the opportunity to:  (1) demonstrate his exhaustion of all claims presented; (2) argue why his Petition should be held in abeyance rather than dismissed without prejudice; or (3) request permission to file an amended habeas petition and present only exhausted claims for our consideration.

II.     *Standard of Review*

Section 2254 confers jurisdiction on United States district courts to issue a "writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Absent unusual circumstances, a federal court will not consider the merits of a habeas corpus petition challenging a state conviction unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1). *See* 28 U.S.C. § 2254(b)(1); *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 787, 178 L.Ed2d 624 (2011). A federal court cannot grant habeas relief to a section 2254 petitioner unless the petitioner has exhausted the remedies "available" to him in state court on the federal claims raised in his petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing section 2254(b)(1)(A)). This means that the petitioner must fully and fairly present each federal claim through one full round of state court review before filing a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 - 48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Robinson v. Beard,* 762 F.3d 316, 328 (3d Cir. 2014). The exhaustion requirement is grounded on principles of comity, and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Duncan v. Walker*, 533 U.S. 167, 179, 121 S.Ct. 2120, 2128, 150

L.Ed.2d 251 (2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)).

The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a petition filed under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541-9546. *See Lambert v. Blackwell,* 134 F.3d 506, 513-14 (3d Cir. 1997); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). The exhaustion requirement is excused where no available state corrective process exists or the particular circumstances of the case render the state process ineffective to protect the petitioner's rights. 28 U.S.C. §§ 2254(b)(1)(B)(I) and (ii). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.[1] *See* 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). It is not necessary for a petitioner seeking federal habeas relief to present the same federal claim to the state courts on direct appeal and then in a PCRA proceeding. Swanger, 134 F.2d at 295.

---

[1] But a petitioner need not seek discretionary review in the Pennsylvania Supreme Court to have exhausted state-court remedies. On May 9, 2000, the state supreme court issued Order 218, which eliminated the need to seek discretionary review in that court to exhaust state court remedies. Order 218 "renders review from the Pennsylvania Supreme Court unavailable for purposes of exhausting state court remedies under 2254(c)". *Boyd v. Waymart,* 579 F.3d 330, 368 (3d Cir. 2009) (quoted case and internal quotation marks omitted).

A federal court must ordinarily dismiss without prejudice a habeas petition that contains unexhausted claims. *See Rose*, 455 U.S. at 522, 102 S.Ct. at 1205; *Slutzker*, 393 F.3d at 379. A federal court may also, in appropriate cases, stay the petition instead and hold it in abeyance while the petitioner exhausts any unexhausted claims in state court, but the United States Supreme Court has cautioned that the stay-and-abeyance procedures should be used only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1534 - 35, 161 L.Ed.2d 440 (2005); *see also Heleva v. Brooks*, 581 F.3d 187, 190 - 194 (3d Cir. 2009).

III.   *Background*

Following a bench trial, Villanueva was found guilty of attempted burglary, 18 Pa. Cons. Stat. Ann. § 901(a), and criminal mischief, 18 Pa. Cons. Stat. Ann. § 3304(a)(5). *See Commonwealth v. Villanueva*, CP-22-CR-0005179-2013 (Pa. Ct. Com. Pl. - Dauphin Cnty. ).[2] He was sentenced on April 3, 2014, to ten to twenty years' imprisonment "for attempted burglary on the ground that it was the mandatory minimum sentence under 42 Pa. C.S. § 9714 for a second 'crime of violence.' The court imposed no further penalty for criminal mischief." *Commonwealth v. Villanueva*, No. 1284 MDA 2014, 2015 WL 7288088, *1 (Pa. Super. Ct. Apr. 10, 2015).

---

[2] The court takes judicial notice of the trial court's docket sheet in Villanueva's criminal case which is available through Pennsylvania's Unified Judicial Docket System at: http://ujsportal.pacourts.us/

Petitioner filed a direct appeal of the trial court's June 30, 2014, order denying his post-sentence motion. "Both Villanueva and the trial court complied with Pa. R. A. P. 1925." (*Id.*)  On appeal, Villanueva raised three issues:

> Whether the trial court erred in denying [his] pretrial motion to proceed to trial pro se where [his] request was timely/unequivocal, and not made for the purposes of delay in violation of Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution?
>
> Whether the Commonwealth failed to present sufficient evidence to sustain [his] convictions where it failed to prove that [he] possessed the specific intent to commit a crime within the premises he allegedly attempted to enter?
>
> Whether the trial court erred in denying [his] Post-Sentence Motion where the trial court's verdict was against the weight of the evidence so as to shock one's sense of justice as the trial testimony failed to identify [him] as the perpetrator of the crimes?

(*Id.*). Noting that Villanueva had waived his third claim "by failing to raise it in his Pa. R. A. P. 1925(b) statement of matters complained of on appeal," the Pennsylvania Superior Court found all claims without merit and affirmed the judgment of sentence. *Id.* at *5. The Pennsylvania Supreme Court denied Villanueva's Petition for Allowance of Appeal on December 17, 2015. *See Commonwealth v. Villanueva*, 353 MAL 2015 (Pa. Dec. 17, 2015).[3]  To date, Villanueva has not filed a PCRA petition in the state courts.

The instant federal petition contains both exhausted and unexhausted claims. Villanueva presents four grounds for review. The first three claims mirror those presented

---

[3] The court takes judicial notice of the trial court's docket sheet in Villanueva's Petition for Allowance of Appeal which is available through Pennsylvania's Unified Judicial Docket System docket research at:  http://ujsportal.pacourts.us/

in his direct appeal.  (Doc. 1, ECF pp. 5-9).  However, his fourth claim is a new one, that his trial counsel was ineffective because "[h]e didn't object to anything concerning evidence." (*Id.*, ECF p. 10).  Villanueva concedes that he did not raise this claim on direct appeal or through a postconviction motion in the state trial court.  (*Id.*, ECF p. 11).

IV.     *Discussion*

As noted above, ordinarily a federal court may not entertain a state prisoner's petition for writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal.  *See* 28 U.S.C. § 2254(b), (c); *Rose*, 455 U.S. at 518-19, 102 S.Ct. at 1203-04.  Here, it appears from the record of state proceedings, summarized above, that Villanueva has not exhausted state remedies with respect to his claim of ineffective assistance of counsel.  Prior to raising this claim in his federal petition, he must present it to the state courts.  *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (holding that claims of trial counsel's ineffectiveness must generally be raised in a PCRA petition).  Accordingly, Villanueva will be granted leave to show cause why his Petition should not be dismissed pursuant to 28 U.S.C. § 2254(b).  Petitioner is invited to submit any documentation he may have to demonstration that he has exhausted available state remedies as to his fourth claim, that such remedies are not available, that they are ineffective to protect his rights, or that he had good cause for failing to exhaust this claim first in state court.  *See* 28 U.S.C. § 2254(b); *Rhines,* 544 U.S. at 278, 125 S.Ct. at 1535.

Next we must consider whether Villanueva's Petition should be dismissed without prejudice or held in abeyance while Villanueva returns to state court to exhaust his

unexhausted claim.  *Rhines,* 544 U.S. at 274, 125 S.Ct. at 1533.  Here because the one-year statute of limitations for filing a 28 U.S.C. § 2254 petition is not in danger of expiring, we will dismiss the petition without prejudice if Villanueva expresses a desire to exhaust his fourth claim in state courts.

In relevant part, the statute of limitations begins running when the judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  Villanueva's judgment of conviction became final after the ninety-day period for seeking certiorari review in the United States Supreme Court expired, more specifically, ninety days after the Pennsylvania Supreme Court's decision denying his Petition for Allowance of Appeal.  It is immaterial that such review was not sought.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3); *see also Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).  In this instance, Villanueva's sentence became final on March 16, 2016.  Therefore, the one-year federal limitations period will expire on March 16, 2017, at the earliest, because the one-year limitations period is also statutorily tolled while a properly filed application for state postconviction or other collateral review is "pending."  28 U.S.C. § 2244(d)(2); *Pace v. Diguglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  Villanueva has a similar one-year period under state law for filing a PCRA petition in the Dauphin County Court of Common Pleas, which will not expire until March 16, 2017, at the earliest.  See  42 Pa. Cons. Stat. Ann. § 9545(b)(1) and (3).

Based on the foregoing, Villanueva has three options.  First, he may show cause why his mixed Petition should not be dismissed without prejudice.  Second, if he wishes a stay, he shall provide grounds for a stay.  Third, he may file a motion to file an

amended petition omitting his fourth claim.  If he fails to pursue any of these options, the court will dismiss the petition without prejudice.  An appropriate order follows.

                                                /s/William W. Caldwell  
                                                William W. Caldwell  
                                                United States District Judge

Date: June 1, 2016