UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUAN M. VILLANUEVA,  :
:
        Petitioner  :  CIVIL NO. 1:CV-16-0978
     vs.  :
:  (Judge Caldwell)
MS. LUTHER, *et al.*,  :
:
        Respondents  :

*M E M O R A N D U M*

I.  *Introduction*

The pro se petitioner, Juan M. Villanueva, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 1, 2016, the court screened the petition and determined that one of the four issues raised was not exhausted and that Petitioner still has the opportunity to pursue state collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541-9546.  *See* Doc. 12.  In a show-cause order, we directed Villanueva to demonstrate why his mixed petition should not be dismissed without prejudice or, alternatively, why it should be held in abeyance while he exhausted his available state-court remedies.  *See* Doc. 13.  On June 9, 2016, Villanueva filed a two-sentence response to our order which we will construe as a motion to stay his petition and hold it in abeyance.  The response, in its entirety, reads:

> I, Juan M. Villanueva move to hold my petition in [a]beyance rather than have it dismissed without prejudice.  I desire a stay rather than dismissal while I exhaust my state-court remedies.

(Doc. 14).

For the reasons set forth below, we will deny Villanueva's request to stay his petition and dismiss the petition without prejudice as he has not yet exhausted his available state-court remedies.

II.  *Discussion*

A 2254 petitioner must have exhausted his state-court remedies before a federal court can grant relief.  *See Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012) ("Title 28 U.S.C. § 2254 requires that a habeas petitioner exhaust the remedies available in the state courts before a federal court can exercise habeas corpus jurisdiction over his claim.").  Generally, if state-court remedies have not been exhausted, the district court must dismiss the petition.  *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012). However, in both *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) and *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely, but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition.  Both *Rhines* and *Crews* addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to time limitations imposed by 28 U.S.C. § 2254(b)(1).  The *Rhines* Court recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims

in state court. *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535. The Third Circuit in *Crews* similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at 154 (internal citations omitted). This "stay and abeyance" procedure is available in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Rhines*, 544 U.S. at 277 - 78, 125 S.Ct. at 1535.

In this case, Villanueva's petition is timely and contains both exhausted and unexhausted claims. Thus, our focus now is on whether the petition should be stayed and held in abeyance or dismissed without prejudice while Villanueva exhausts his state court remedies. *See* Doc. 14. Without any explanation, Villanueva requests that we stay his petition rather than dismiss it without prejudice. Thus, Villanueva has not demonstrated good cause for us to stay his mixed petition and hold it in abeyance.

Good cause may be shown if the amount of time left in the federal limitations period creates the risk that a petitioner may not be able to file a timely 2254 petition after exhaustion of state-court remedies. *Heleva v. Brooks,* 581 F.3d 187, 192 & n.3 (3d Cir. 2009); *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013)(nonprecedential). As set forth in more detail in our June 1, 2016, memorandum, Villanueva's sentence became final on March 16, 2016. His one-year federal limitations period will expire on March 16, 2017, at the earliest (absent any tolling). Because his limitations period would be statutorily

tolled while a properly filed application for state postconviction or other collateral review is "pending," his one-year federal limitations period could be even later.  28 U.S.C. § 2244(d)(2); *Pace v. Diguglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  As Villanueva has several months to file a timely state-court PCRA petition, and then return to this court at the conclusion of his state-court proceedings, he has not demonstrated good cause for staying his current petition.

      We will issue an order dismissing the section 2254 petition without prejudice for failure to exhaust state-court remedies.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: July 21, 2016